The STATE of Ohio, Appellee,

v.

CHERRY, Appellant.

[Cite as *State v. Cherry* (1995), 107 Ohio App.3d 476.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 95 CA 0140.

Decided Nov. 20, 1995.

*Howard Lane*, for appellee.

*Barry T. Wakser*, for appellant.

FARMER, Judge.

On October 30, 1993, an altercation occurred at Sonny's Alibi Lounge located at 420 Court Avenue, N.W., Canton, Ohio. The parties involved in the altercation were appellant, Francine Cherry, and the complaining witness, Catherine Beck. As a result, on November 9, 1993, one count of felonious assault was filed in the Canton Municipal Court against appellant. A preliminary hearing was held on November 23, 1993. Thereafter, the case was bound over to the Stark County Grand Jury. On December 27, 1993, the grand jury indicted appellant on one count of assault and remanded the cause back to the municipal court.

On February 9, 1994, appellant filed a motion requesting a transcript of the grand jury proceedings. By judgment entry dated April 22, 1994, said motion was denied.

A jury trial was held on May 23, 1994. The jury found appellant guilty as charged in the indictment. By amended judgment entry dated May 25, 1994, the trial court sentenced appellant to one hundred eighty days in jail with all but ninety days suspended, and fined appellant $100. Appellant filed a motion for new trial on June 6, 1994. By judgment entry dated March 17, 1995, said motion was denied.

Appellant filed a notice of appeal and this matter is now before this court for consideration.

Assignments of Error are as follows:

"The trial court erred in denying defendant-appellant's motion for a transcript of the grand jury proceedings.

"The trial court erred in not permitting defendant-appellant to testify to a prior incident which may have demonstrated bias on the part of the complaining witness."

■ Appellant claims the trial court erred in denying her motion for a transcript of the grand jury testimony. We disagree.

Crim.R. 6(E) specifically governs the disclosure of grand jury matters:

"Secrecy of Proceedings and Disclosure.* * * Disclosure of other matters occurring before the grand jury may be made to the prosecuting attorney for use in the performance of his duties. A grand juror, prosecuting attorney, interpreter, stenographer, operator of a recording device, or typist who transcribes recorded testimony, may disclose matters occurring before the grand jury, other than the deliberations of a grand jury or the vote of a grand juror, but may disclose such matters only when so directed by the court preliminary to or in connection with a judicial proceeding, or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury."

The matter *sub judice* was not brought up by a motion to dismiss the indictment as set forth in the rule. The motion was predicated on the reduction of felonious assault to assault, and the possibility of inconsistent testimony by the complaining witness, Catherine Beck.

The Ohio Supreme Court has addressed a similar issue and has found the movant must establish a particularized need for the specific material. *State v. Greer* (1981), 66 Ohio St.2d 139, 20 O.O.3d 157, 420 N.E.2d 982. In her motion requesting the grand jury transcript, appellant stated the particularized need to

be the right to inspect a witness's prior statement for inconsistencies under Crim.R. 16(B)(1)(g). Appellant argues that the statements might have revealed inconsistencies or exculpatory evidence. Appellant argued that the trial court should, as an alternative to granting the motion, do an *in camera* inspection. There was no oral hearing on the motion. By judgment entry dated April 22, 1994, the trial court denied the motion on the failure to show a particularized need.

■ The use of prior statements for impeachment purposes after a trial court's determination of inconsistencies under Crim.R. 16 as a "particularized need" would result in all grand jury testimony being divulged. In the trial transcript, there is no record of a request pursuant to Crim.R. 16(B)(1)(g). We concur with the trial court's decision that there was no showing of a particularized need.[1] Appellant alternatively argues that the transcript would reveal exculpatory evidence because of the reduction from felonious assault to assault. If in fact a stabbing took place, a deadly weapon must have been involved in the incident. No knife was admitted into evidence, and although the complaining witness received stitches at a hospital, there was no independent proof of a deadly weapon. Therefore, we find the testimony at trial and the charge to be consistent and sufficient to warrant the reduction by the grand jury.

We conclude that the trial court did not abuse her discretion in denying the motion.

Assignment of Error I is denied.

■ Appellant claims that the trial court erred in excluding the testimony on a prior incident between her and the complaining witness. We disagree.

■ The admission or exclusion of evidence rests in the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343. In order to find an abuse of that discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

The substance of the excluded testimony was proffered for the record:

"BY MR. WAKSER: Apparently earlier that week Francine was with Catherine Beck and she heard Catherine Beck make a threat to Jordan Bennet, she was going to go and shoot her or take care of her or words of that effect. Francine contacted the police and reported this to them and I think that shows motive on

---

1. The matter was granted a preliminary hearing; therefore, prior testimony was available.

her part, Miss Beck's part, to make claims to the police that she was cut by Francine."

Appellant's trial counsel, on cross-examination, asked Beck how she knew appellant. Beck stated that she did not know her, but had given her a ride to work on an earlier occasion. Appellant does testify to Beck's reputation for truthfulness. Evid.R. 608(B) specifically limits the use of prior incidents of character being presented through extrinsic evidence:

"Specific Instances of Conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified."

Once the complaining witness denied any prior knowledge of appellant and claimed only a limited association with appellant, appellant was precluded from presenting the extrinsic evidence as proffered.

We find no abuse of discretion by the trial court.

Assignment of Error II is denied.

The judgment of the Canton Municipal Court is hereby affirmed.

*Judgment affirmed.*

JOHN W. WISE, P.J., and READER, J., concur.