[Cite as *State v. Harper*, 2012-Ohio-3541.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 12CA000003 |
| HENRY N. HARPER | 12CA000008 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Guernsey County Court of
Common Pleas, Case No. 10 CR 70

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      July 30, 2012

APPEARANCES:

For Plaintiff-Appellee             For Defendant-Appellant

DANIEL G. PADDEN             HENRY N. HARPER, PRO SE
Guernsey County Prosecuting Attorney   A638-859
139 West 8th Street             P.O. Box 5500
P.O. Box 640             Chillicothe, Ohio 45601
Cambridge, Ohio 43725

*Hoffman, P.J.*

{¶1}   In Guernsey App. No. 12CA000003, Defendant-appellant Henry Harper appeals the January 10, 2012 Judgment Entry entered by the Guernsey County Court of Common Pleas, which denied his Motion for Sentence Reduction.  In Guernsey App. No. 12CA000008, Appellant appeals the January 25, 2012 Judgment Entry entered by the same, which denied his petition for post conviction relief.  Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE CASE[1]

{¶2}   On May 25, 2010, the Guernsey County Grand Jury indicted Appellant on one count of having weapons while under disability, in violation of R.C. 2923.13, with a firearm specification, a felony of the third degree; tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree; discharge of firearm on or near prohibited premises, in violation of R.C. 2923.162, a misdemeanor of the first degree; and kidnapping in violation of R.C. 2905.01(A)(1) and (2), with a firearm specification, a felony of the first degree.

{¶3}   The matter proceeded to jury trial. After hearing all the evidence and deliberations, the jury found Appellant guilty of having weapons while under disability and the attendant firearm specification; discharge of firearm on or near prohibited premises; and kidnapping. The jury found Appellant not guilty of the tampering charge. The trial court sentenced Appellant to an aggregate term of imprisonment of eight (8) years.

---

[1] A Statement of the Facts underlying Appellant's conviction is not necessary for our disposition of this Appeal.

{¶4} Appellant filed a timely appeal to this Court, raising three assignments of error:

{¶5} "I. THE DECISION WAS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE.

{¶6} "II. THE TRIAL COURT COMMITTED ERROR BY IMPROPERLY CHARGING THE JURY.

{¶7} "III. APPELLANT WAS DENIED HIS RIGHT BECAUSE OF INEFFECTIVE ASSISTANCE OF COUNSEL."

{¶8} This Court affirmed Appellant's conviction and sentence. *State v. Harper*, 5th Dist. No. 2010-CA-44, 2011-Ohio-4568.

{¶9} Appellant filed an application to reopen his appeal which this Court denied via Judgment Entry filed November 23, 2011. On December 20, 2011, Appellant filed a "Motion to Object to Fifth District Court of Appeals Denial of Application for Reopening App. R. (26)B", and a "Motion to Amend Prosecutor's Appellee Brief Fifth District Court of Appeals Opinion of Case No. 10 CA 44". Via Judgment Entry filed January 5, 2012, this Court denied the motions treating such as second attempts to reopen his appeal. This Court also found we were prohibited from considering the second application for reopening pursuant to the doctrine of res judicata.

{¶10} Appellant filed a Motion for Sentence Reduction in the trial court on November 22, 2011, and a memorandum in support thereof on December 13, 2011. The State filed a memorandum contra, to which Appellant filed a reply. The trial court denied the motion for sentence reduction via Judgment Entry filed January 10, 2012.

On January 19, 2012, Appellant filed a Petition for Post Conviction Relief which the trial court denied via Judgment Entry filed January 25, 2012.

{¶11} It is from the January 10, 2012 Judgment Entry Appellant appeals in Guernsey App. No. 12CA000003, raising the following assignments of error:

{¶12} "I. HAVING WEAPONS WHILE UNDER DISABILITY: IMPROPER DEGREE OF FELONY.

{¶13} "II. PERJURY OHIO REVISED CODE 2921.11 EVIDNCE [SIC] RULE 602: DETECTIVE SAM WILLAIMS [SIC] COMMITTED PERJURY AT TRIAL UNDER OATH WHEN HE TESTIFIED THAT HE HAD A COPY OF A COMPUTERIZED CRIMINAL HISTORY ON THRE [SIC] APPELLANT HENRY N. HARPER SHOWING A 1985 FELONY CONVICTION ALSO VIOLATING EVIDENCE RULE 602.

{¶14} "III. CONSECUTIVE SENTENCING OHIO REVISED CODE 2929.41 WAS IMPROPER DUE TO THE FACT OF JUDICIAL FACT-FINDING MUST OCCUR BEFORE CONSECUTIVE SENTENCES MAY BE IMPOSED UNDER O.R.C. 2929.14(E)(4).

{¶15} "IV. KIDNAPPING OHIO REVISED CODE 295.01 NO ELEMENTS OF THE CRIME OF KIDNAPPING WERE PROVEN AT TRIAL. THERE IS NO KIDNAPPING VICTIM.

{¶16} "V. GUN SPECIFICATIO N [SIC] OHIO REVISED CODE 2941.145 GUN SPECIFICATION OF O.R.C. IS IMPROPER AND CONTRARY TO LAW.  NONE OF THE ELEMENTS FOR A GUN SPEC. O.R.C. 2941.145 WERE PROVEN AT THE TRIAL."

{¶17} It is from the January 25, 2012 Judgment Entry Appellant appeals in Guernsey App. No. 12CA000008, raising as error:

{¶18} "I. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL: LINDSEY K. DONEHUE.

{¶19} "II. INCORRECT CHARGE OF DEGREE OF FELONY: PERJURY O.R.C. 2921.11.

{¶20} "III. UNITED STATES CONSTITUTIONAL RIGHTS VIOLATION AMENDMENT FOUR.

{¶21} "IV. UNITED STATES CONSTITUTIONAL RIGHT VIOLATION AMENDMENT SIX: [SIC] FIVE, FOURTEEN.

{¶22} "V. NO EVIDENCE TO SUPPORT THE ELEMENT OF EITHER CRIME WERE PROVEN."

CASE NO. 2012CA000003

CASE NO. 2012CA000008

I, II, III, IV, V

{¶23} Because our disposition of Appellant's five assignments of error in both Appeals requires the same analysis, we shall address said assignments of error together.

{¶24} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of

conviction or on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, paragraphs eight and nine of the syllabus.

{¶25} In his direct appeal, Appellant asserted three assignments of error, which are set forth supra. To summarize, Appellant's first assignment of error challenged the sufficiency and weight of the evidence; his third assignment of error challenged the effectiveness, or lack thereof, of trial counsel; and his remaining assignment of error challenged the propriety of the jury instructions. As stated supra, we affirmed Appellant's conviction and sentence, finding these assignments of error to be without merit.

{¶26} In the instant appeals, Appellant again challenges the sufficiency and weight of the evidence as well as the effectiveness of trial counsel. Because Appellant raised these issues on direct appeal, he is barred by the doctrine of res judicata from relitigating such again.

{¶27} Appellant did not, however, on direct appeal, challenge the constitutionality of his conviction and sentence, or the alleged perjury of Detective Sam Williams when he testified regarding Appellant's criminal history. These issues could have been raised on direct appeal. Having failed to do so, Appellant is likewise barred by the doctrine of res judicata to assert these two claims.

**{¶28}** Appellant's first, second, third, fourth, and fifth assignments of error in Guernsey No. 2012CA000003 are overruled.  Appellant's first, second, third, fourth, and fifth assignments of error in Guernsey Case No. 2012CA000008 are overruled.

By: Hoffman, P.J.

Wise, J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                              :
                                           :
        Plaintiff-Appellee                 :
                                           :
-vs-                                       :        JUDGMENT ENTRY
                                           :
HENRY N. HARPER                            :
                                           :
        Defendant-Appellant                :        Case No. 12CA000003


For the reasons stated in our accompanying Opinion, the judgment of the Guernsey County Court of Common Pleas Costs is affirmed. Costs to Appellant.


                                s/ William B. Hoffman_____
                                HON. WILLIAM B. HOFFMAN


                                s/ John W. Wise _____
                                HON. JOHN W. WISE


                                s/ Julie A. Edwards_____
                                HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HENRY N. HARPER | : | |
| | : | |
| Defendant-Appellant | : | Case No. 12CA000008 |

For the reasons stated in our accompanying Opinion, the judgment of the Guernsey County Court of Common Pleas Costs is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS