[Cite as *State v. Harper*, 2012-Ohio-5161.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | **JUDGES:** |
|  | : | W. Scott Gwin, P.J. |
|  | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 12 CA 15 |
|  | : |  |
|  | : |  |
| HENRY N. HARPER | : | O P I N I O N |
|  |  |  |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:      Criminal Appeal from Guernsey County Court of Common Pleas Case No. 10 CR 70

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      November 5, 2012

APPEARANCES:

For Plaintiff-Appellee

DANIEL G. PADDEN
Guernsey County Prosecuting Attorney
139 West 8th Street
P.O. Box 640
Cambridge, Ohio 43725

For Defendant-Appellant

HENRY N. HARPER
A638-859
P.O. Box 5500
Chillicothe, Ohio 45601

*Edwards, J.*

{¶1} Defendant-appellant, Henry Harper, appeals from the May 17, 2012, Judgment Entry of the Guernsey County Court of Common Pleas denying his Second Petition for Post-Conviction Relief. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On May 25, 2010, the Guernsey County Grand Jury indicted appellant on one count of having weapons while under disability in violation of R.C. 2923.13, with a firearm specification, a felony of the third degree, one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree, one count of discharge of firearm on or near prohibited premises in violation of R.C. 2923.162, a misdemeanor of the first degree, and one count of kidnapping in violation of R.C. 2905.01(A)(1) and (2), with a firearm specification, a felony of the first degree. At his arraignment on June 8, 2010, appellant pleaded not guilty to the charges.

{¶3} The matter proceeded to jury trial. After hearing all the evidence and deliberations, the jury found appellant guilty of having weapons while under disability, discharge of firearm on or near prohibited premises and kidnapping. The jury also found that appellant, with respect to the kidnapping charge, had a firearm on or about his person or under his control. The jury found appellant not guilty of the tampering charge. As memorialized in a Judgment Entry filed on November 3, 2010, the trial court sentenced appellant to an aggregate term of imprisonment of eight (8) years.

{¶4} Appellant filed a timely appeal to this Court, raising the following assignments of error on appeal:

{¶5} "I. THE DECISION WAS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE.

{¶6} "II. THE TRIAL COURT COMMITTED ERROR BY IMPROPERLY CHARGING THE JURY.

{¶7} "III. APPELLANT WAS DENIED HIS RIGHT BECAUSE OF INEFFECTIVE ASSISTANCE OF COUNSEL."

{¶8} Pursuant to an Opinion filed on September 9, 2011, this Court affirmed appellant's conviction and sentence. *State v. Harper,* 5th Dist. No. 2010–CA–44, 2011–Ohio–4568.

{¶9} On November 22, 2011, appellant filed a Motion for Sentence Reduction in the trial court. The trial court denied the Motion for Sentence Reduction via Judgment Entry filed January 10, 2012.

{¶10} On January 19, 2012, appellant filed a Petition for Post-Conviction Relief. Appellant, in his petition, alleged that the trial court had erred in failing to inform his wife, Tina Harper, that she did not have to testify against appellant, that his trial counsel, Lindsey Donehue, was ineffective in failing to object when appellant's wife was called as a witness against him, and that his property had been illegally searched without a search warrant. Appellant also alleged that his conviction for having weapons while under disability was based on perjured testimony from Detective Sam Williams, that Williams altered appellant's Miranda rights form, that his convictions for kidnapping and having weapons while under disability were against the manifest weight and sufficiency of the evidence, and that his trial counsel was ineffective in failing to obtain any evidence on appellant's behalf or to subpoena witnesses. The trial court denied

appellant's petition pursuant to an Entry filed on January 25, 2012, finding that the same was not timely filed.

{¶11} Appellant then appealed from the trial court's January 10, 2012 Judgment Entry, raising the following assignments of error:

{¶12} "I. HAVING WEAPONS WHILE UNDER DISABILITY: IMPROPER DEGREE OF FELONY.

{¶13} "II. PERJURY OHIO REVISED CODE 2921.11 EVIDNCE [SIC] RULE 602: DETECTIVE SAM WILLAIMS [SIC] COMMITTED PERJURY AT TRIAL UNDER OATH WHEN HE TESTIFIED THAT HE HAD A COPY OF A COMPUTERIZED CRIMINAL HISTORY ON THRE [SIC] APPELLANT HENRY N. HARPER SHOWING A 1985 FELONY CONVICTION ALSO VIOLATING EVIDENCE RULE 602.

{¶14} "III. CONSECUTIVE SENTENCING OHIO REVISED CODE 2929.41 WAS IMPROPER DUE TO THE FACT OF JUDICIAL FACT–FINDING MUST OCCUR BEFORE CONSECUTIVE SENTENCES MAY BE IMPOSED UNDER O.R.C. 2929.14(E)(4).

{¶15} "IV. KIDNAPPING OHIO REVISED CODE 295.01 NO ELEMENTS OF THE CRIME OF KIDNAPPING WERE PROVEN AT TRIAL. THERE IS NO KIDNAPPING VICTIM.

{¶16} "V. GUN SPECIFICATIO [SIC] OHIO REVISED CODE 2941.145 GUN SPECIFICATION OF O.R.C. IS IMPROPER AND CONTRARY TO LAW. NONE OF THE ELEMENTS FOR A GUN SPEC. O.R.C. 2941.145 WERE PROVEN AT THE TRIAL."

{¶17} Appellant also appealed from the trial court's January 25, 2012 Judgment Entry, raising the following assignments of error on appeal :

{¶18} "I. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL: LINDSEY K. DONEHUE.

{¶19} "II. INCORRECT CHARGE OF DEGREE OF FELONY: PERJURY O.R.C. 2921.11.

{¶20} "III. UNITED STATES CONSTITUTIONAL RIGHTS VIOLATION AMENDMENT FOUR.

{¶21} "IV. UNITED STATES CONSTITUTIONAL RIGHT VIOLATION AMENDMENT SIX: [SIC] FIVE, FOURTEEN.

{¶22} "V. NO EVIDENCE TO SUPPORT THE ELEMENT OF EITHER CRIME WERE PROVEN."

{¶23} The two cases were assigned Case Nos. 2012 CA 000003 and 2012 CA 000008.

{¶24} Subsequently, via an Opinion filed on July 30, 2012 in *State v. Harper*, 5th Dist. Nos. 12CA000003, 12CA000008, 2012-Ohio-3541, this Court affirmed the judgment of the trial court in such cases. This Court, in our Opinion, held, in relevant part, as follows:

{¶25} "Because our disposition of Appellant's five assignments of error in both Appeals requires the same analysis, we shall address said assignments of error together.

{¶26} "'Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from

that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.'" *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraphs eight and nine of the syllabus.

**{¶27}** "In his direct appeal, Appellant asserted three assignments of error, which are set forth supra. To summarize, Appellant's first assignment of error challenged the sufficiency and weight of the evidence; his third assignment of error challenged the effectiveness, or lack thereof, of trial counsel; and his remaining assignment of error challenged the propriety of the jury instructions. As stated supra, we affirmed Appellant's conviction and sentence, finding these assignments of error to be without merit.

**{¶28}** "In the instant appeals, Appellant again challenges the sufficiency and weight of the evidence as well as the effectiveness of trial counsel. Because Appellant raised these issues on direct appeal, he is barred by the doctrine of res judicata from relitigating such again.

**{¶29}** "Appellant did not, however, on direct appeal, challenge the constitutionality of his conviction and sentence, or the alleged perjury of Detective Sam Williams when he testified regarding Appellant's criminal history. These issues could have been raised on direct appeal. Having failed to do so, Appellant is likewise barred by the doctrine of res judicata to assert these two claims." Id at paragraphs 23-27.

**{¶30}** On March 14, 2012, while the above cases were pending, appellant filed a Second Petition for Post-Conviction Relief. Appellant, in his petition, alleged that Deputies had committed an illegal search and seizure of his home without a search

warrant, that his wife, who testified against him, was threatened with criminal charges, was lied to by and illegally detained by police and that Detective Sam Williams tampered with evidence, including appellant's *Miranda* rights form, and that Williams' trial testimony was inconsistent. Appellant also alleged that there was insufficient evidence supporting the kidnapping charge against him and that his conviction was against the manifest weight of the evidence and that his trial counsel, Lindsey Donehue, was ineffective in failing to subpoena two witnesses after appellant asked her about them and in failing to show transcripts to the jury. Appellant also alleged that his bail was excessive and that there was insufficient evidence supporting his conviction for having weapons while under disability. Appellant, in his petition, also alleged that this Court, in our previous opinion, incorrectly stated that appellant was convicted of kidnapping, a felony of the first degree, and a firearm specification to count one while appellant actually was convicted of kidnapping, a felony of the second degree, and was not convicted of a firearm specification as to count one.

**{¶31}** Pursuant to a Judgment Entry filed on May 17, 2012, the trial court denied appellant's petition, finding that it was not timely filed and that appellant either raised, or could have raised, the same issues in his direct appeal.

**{¶32}** Appellant now appeals from the trial court's May 17, 2012 Judgment Entry denying his Second Petition for Post-Conviction Relief, raising the following assignments of error on appeal :

**{¶33}** "I. THE COURT FAILS TO ACKNOWLEDGE FACTUAL FACTS TO SUPPORT THE COURT'S STATEMENTS.

**{¶34}** "II. THE COURT FAILS TO ACKNOWLEDGE THE LEGAL DOCUMENTS PROVIDED WITH THE POST-CONVICTION RELIEF.

**{¶35}** "III. THE TRIAL COURT FAILS TO ACKNOWLEDGE THE SEVERAL FALSE, INCORRECT, STATEMENTS IN THE STATE OF OHIO'S APPELLEE BRIEF.

**{¶36}** "IV. THE TRIAL COURT ERRERED [SIC] IN THE MOTION TO ACQUITTAL (29)(A).

**{¶37}** "V. THE TRIAL COUNSEL WAS INEFFECTIVE BY NOT ASKING FOR MOTION FOR ACQUITTAL PROPERLY AND VIOLATIONS OF UNITED STATES CONSTITUTIONAL RIGHT AMEND. SIX."

I, II, III, IV, V

**{¶38}** Appellant, in his five assignments of error, argues that the trial court erred in denying his Second Petition for Post-Conviction Relief.  We disagree.

**{¶39}** As an initial matter, we note the pertinent jurisdictional time requirements for a post-conviction petition are set forth in R.C. 2953.21(A)(2) as follows: "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

**{¶40}** In the case sub judice, appellant filed a direct appeal from his conviction. Appellant thus was required to file his petition no later than one hundred eighty days

after the date on which the trial transcript was filed.  Appellant, however, did not do so. Appellant's petition was, therefore, untimely.

{¶41} In order for a trial court to recognize an untimely or successive post-conviction petition pursuant to R.C. 2953.23(A)(1), both of the following requirements must apply:

{¶42} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

{¶43} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."

{¶44} A court has no jurisdiction to hear an untimely petition for post-conviction relief unless the movant meets the requirements in R.C. 2953.23(A).

{¶45} As noted by the trial court in its May 17, 2012 Judgment Entry, neither of the exceptions set forth above apply. As noted by the trial court, appellant "did not show any reason pursuant to R.C. 2953.23(A)(1) as to why the untimely petition should be permitted."  The trial court, therefore, properly held that appellant's petition was untimely.

{¶46} Moreover, appellant's arguments were either raised, or could have been raised, in his direct appeal or in his previous Post-Conviction Petition. Therefore,

appellant's arguments are barred under the doctrine of res judicata. As stated by the Supreme Court of Ohio in *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967): "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."

**{¶47}** Appellant's five assignments of error are, therefore, overruled.

**{¶48}** Accordingly, the judgment of the Guernsey County Court of Common Pleas is affirmed.


By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES


JAE/d0910

[Cite as *State v. Harper*, 2012-Ohio-5161.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HENRY N. HARPER | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12 CA 15 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Guernsey County Court of Common Pleas is affirmed.  Costs assessed to appellant.

_____

_____

_____

JUDGES