[Cite as *State v. Harper*, 2013-Ohio-3897.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 13 CA 15 |
| HENRY HARPER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Guernsey County
                             Court of Common Pleas, Case No.
                             10CR000070

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      September 9, 2013

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

DANIEL G. PADDEN                      HENRY N. HARPER  #A638-859
Prosecuting Attorney                  P.O. Box 540
139 West 8th Street                   68518 Bannock Road
Cambridge, OH 43725                   St. Clairsville, OH  43950

*Gwin, P.J.*

{¶1} Defendant-appellant Henry N. Harper ["Harper"], appeals a judgment of the Court of Common Pleas of Guernsey County, Ohio, which overruled his motion for "Grand Jury Transcripts pursuant to Ohio Revised Code 2941.26 Variance." Plaintiff-appellee is the State of Ohio.

*Facts and Procedural History*

{¶2} On May 25, 2010, the Guernsey County Grand Jury indicted Harper on one count of having weapons while under disability in violation of R.C. 2923.13, with a firearm specification, a felony of the third degree, one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree, one count of discharge of firearm on or near prohibited premises in violation of R.C. 2923.162, a misdemeanor of the first degree, and one count of kidnapping in violation of R.C. 2905.01(A)(1) and (2), with a firearm specification, a felony of the first degree. At his arraignment on June 8, 2010, Harper pled not guilty to the charges.

{¶3} The matter proceeded to jury trial. The jury found Harper guilty of having weapons while under disability, discharge of firearm on or near prohibited premises and kidnapping. The jury also found that Harper, with respect to the kidnapping charge, had a firearm on or about his person or under his control. The jury found Harper not guilty of the tampering charge. The trial court sentenced Harper to an aggregate term of imprisonment of eight years.

{¶4} Harper filed a timely appeal to this Court. This court upheld Harper's convictions and sentences. *State v. Harper,* 5th Dist. Guernsey No. 2010-CA-44, 2011-Ohio-4568.

**{¶5}** On November 22, 2011, Harper filed a Motion for Sentence Reduction in the trial court. The trial court denied the Motion for Sentence Reduction on January 10, 2012.

**{¶6}** On January 19, 2012, Harper filed a Petition for Post-Conviction Relief. Harper alleged that the trial court had erred in failing to inform his wife, Tina Harper that she did not have to testify against Harper, that his trial counsel, Lindsey Donehue, was ineffective in failing to object when Harper's wife was called as a witness against him, and that his property had been illegally searched without a search warrant. Harper also alleged that his conviction for having weapons while under disability was based on perjured testimony from Detective Sam Williams, that Williams altered Harper's *Miranda* rights form, that his convictions for kidnapping and having weapons while under disability were against the manifest weight and sufficiency of the evidence, and that his trial counsel was ineffective in failing to obtain any evidence on Harper's behalf or to subpoena witnesses. The trial court denied Harper's petition pursuant on January 25, 2012, finding that the petition was not timely filed.

**{¶7}** Harper appealed from the trial court's January 10, 2012 Judgment Entry, he also appealed from the trial court's January 25, 2012 Judgment Entry. Subsequently, via an Opinion filed on July 30, 2012 in *State v. Harper,* 5th Dist. Guernsey Nos. 12 CA 000003, 12 CA 000008, 2012-Ohio-3541, this Court affirmed the judgment of the trial court in both cases based on res judicata.

**{¶8}** On March 14, 2012, while the above cases were pending, Harper filed a Second Petition for Post-Conviction Relief. Harper alleged that police had committed an illegal search and seizure of his home, which his wife, who testified against him, was

threatened with criminal charges and was lied to by and illegally detained by police, that Detective Sam Williams tampered with evidence, including Harper's *Miranda* rights form, and that Williams' trial testimony was inconsistent. Harper also alleged that there was insufficient evidence supporting the kidnapping charge against him and that his conviction was against the manifest weight of the evidence, and that his trial counsel was ineffective. Harper also alleged that his bail was excessive and that there was insufficient evidence supporting his conviction for having weapons while under disability. Pursuant to a Judgment Entry filed on May 17, 2012, the trial court denied Harper's petition, finding that it was not timely filed and that Harper either raised, or could have raised, the same issues in his direct appeal.

{¶9} Harper appealed from the trial court's May 17, 2012 Judgment Entry denying his Second Petition for Post–Conviction Relief. This Court affirmed the judgment of the trial court on November 5, 2012, finding that the second petition for post conviction relief was untimely, and all issues raised therein were res judicata. *State v. Harper*, 5th Dist. Guernsey No. 12 CA 15, 2012-Ohio-5161.

{¶10} On September 21, 2012, during the pendency of his appeal from the judgment denying his second petition for post-conviction relief, Harper filed a petition to vacate or set aside his judgment of conviction and sentence. The trial court denied this petition on September 24, 2012. This Court affirmed the judgment of the trial court on April 26, 2013, finding that issues raised therein were res judicata. *State v. Harper,* 5th Dist. Guernsey No. 12 CA 22, 2013-Ohio-1781.

{¶11} On March 22, 2103, Harper filed a motion in the trial court for "Grand Jury Transcripts pursuant to Ohio Revised Code 2941.26 Variance." By Judgment Entry filed

April 17, 2013, the trial court denied the motion finding Harper did not demonstrate a particularized need.

*Assignments of Error*

**{¶12}** Harper raises two pro se assignments of error,

**{¶13}** "I. THE TRIAL COURT COMMITTED ERROR IN THE DENIAL OF THE MOTION FOR GRAND JURY TRANSCRIPTS PURSUANT TO OHIO REVISED CODE 2941.26 VARIENCE. [SIC.]

**{¶14}** "II. THE TRIAL COURT COMMITTED ERROR IN FAILING TO ACKNOWLEDGE THE APPELLANT-DEFENDANT'S PRESENTATION OF A PARTICULARIZED NEED FOR THE GRAND JURY TRANSCRIPTS PURSUANT TO O.R.C. 2941.26."

*Pro se Appellants*

**{¶15}** We understand that Harper has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.,* 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. See, also, *State v. Hall,* 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard,* 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted).

**{¶16}** In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See, *State v. Ishmail*, 54 Ohio St.2d 402, 377

N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty,* 4th Dist.No. 411, 1980 WL 350992 (Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. See, *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, quoting *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16. Therefore, we have disregarded facts in Harper's brief that are outside of the record.

**{¶17}** In the interests of justice, we shall attempt to consider Harper's assignments of error.

I & II

**{¶18}** Harper's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

**{¶19}** Harper made his request for grand jury transcripts nearly three years after the jury returned their verdicts of guilty. Ohio courts, including this court, have held that where "there was no pending matter within the jurisdiction of the trial court involving defendant's criminal case that would necessitate further discovery," a trial court lacks authority to grant a defendant's motion for production of grand jury testimony. *State v. Russell,* 10th Dist. Franklin App. No. 05AP–1325, 2006–Ohio–5945, ¶ 10, citing *State v. Short,* 8th Dist. Cuyahoga App. No. 83492, 2004–Ohio–2695, ¶ 7 ("With no pending motions that would necessitate further discovery, the judge lacked the jurisdiction to review the particularized need for an in camera inspection"); *State v. Bridgewater*, 10th Dist. Franklin App. No. 12AP-428, 2021-Ohio-6167, ¶9; *See also State v. Herring,* 5th

Dist. Stark App. No.1996 CA 00385, 1997 WL 219249 (Mar. 17, 1997) (court "unaware of any procedural or substantive rule of law which authorizes the court to, in essence, order post-conviction discovery absent the filing of a post-conviction relief petition supported by appropriate affidavits"). Furthermore, "[t]here is no provision for conducting discovery in the post-conviction process." *State ex Rel. Love v. Cuyahoga County Prosecutor's Office*, 86 Ohio St.3d 279, 281, 1999-Ohio-314, 718 N.E.2d 426(1999).

{¶20} Additionally, even assuming the trial court had the authority to consider defendant's motion, we find that the trial court did not abuse its discretion in concluding that defendant failed to demonstrate a particularized need for disclosure of the grand jury testimony.

{¶21} The Supreme Court of Ohio has stated, "Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." *State v. Greer*, 66 Ohio St. 2d 139, 420 N.E. 2d 982(1981), paragraph two of the syllabus. A particularized need is established "when the circumstances reveal a probability that the failure to provide the grand jury testimony will deny the defendant a fair trial" of the allegations placed in issue by the witnesses' testimony. *State v. Davis*, 38 Ohio St.3d 361, 365, 528 N.E.2d 925(1988), *quoting State v. Sellards* (1985), 17 Ohio St.3d 169, 173, 478 N.E.2d 781(1985).

{¶22} Impeachment through material inconsistencies may be a proper basis for disclosure of grand jury testimony, but that purpose alone is not sufficient. *State v.*

*Patterson*, 28 Ohio St.2d 181, 277 N.E.2d 201(1971). The claim that a witness's grand jury testimony may differ from trial testimony is insufficient to show a particularized need. *State v. Henness*, 79 Ohio St.3d 53, 62, 679 N.E.2d 686(1997).

**{¶23}** It has long been held that Crim. R. 16(B)(1)(g) which permits the accused to utilize inconsistencies in a witness's prior statements does not apply to the witness's grand jury testimony. *Greer,* 66 Ohio St. 2d at 149. As this court has recognized, the mere fact that the testimony before the grand jury may contain inconsistencies does not rise to the level of a particularized need. *State v. Cherry*, 107 Ohio App.3d 476, 478-479, 669 N.E.2d 45 (5th Dist. 1955). Grand jury testimony is not subject to cross-examination. Therefore, the testimony itself is not admissible pursuant to Evid. R. 801(b)(1)(a).

**{¶24}** Based upon a thorough review of the record, Harper's request was nothing more than a fishing expedition for possible inconsistencies. Harper did not demonstrate particularized need based on a showing that there was a reason to suspect material inconsistencies.

**{¶25}** Harper's first and second assignments of error are overruled.

{¶26} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Guernsey County, Ohio, is hereby affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. CRAIG R. BALDWIN


WSG:clw 0815

[Cite as *State v. Harper*, 2013-Ohio-3897.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HENRY HARPER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 13 CA 15 |

For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Court of Common Pleas, Guernsey County, Ohio, is hereby affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. CRAIG R. BALDWIN