[Cite as *State v. Harper*, 2016-Ohio-3157.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 16 CA 5 |
| HENRY HARPER | |
| | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
Pleas, Cae No.  10 CR 70

JUDGMENT:                                  Affirmed

DATE OF JUDGMENT ENTRY:      May 25, 2016

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JASON R. FARLEY                       HENRY N. HARPER
ASSISTANT PROSECUTOR            PRO SE
139 West 8th Street                      Post Office Box 540
Post Office Box 139                      68518 Bannock Road
Cambridge, Ohio  43725              Saint Clairsville, Ohio  43950

*Wise, J.*

{¶1} Defendant-Appellant Henry Harper appeals from the January 5, 2016, Entry of the Guernsey County Court of Common Pleas denying his Motion for Relief from Judgment or Order Civil Rule 60(B)(5).

{¶2} Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3} On May 25, 2010, the Guernsey County Grand Jury indicted Appellant on one count of having weapons while under disability in violation of R.C. 2923.13, with a firearm specification, a felony of the third degree, one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree, one count of discharge of firearm on or near prohibited premises in violation of R.C. 2923.162, a misdemeanor of the first degree, and one count of kidnapping in violation of R.C. 2905.01(A)(1) and (2), with a firearm specification, a felony of the first degree. At his arraignment on June 8, 2010, Appellant pled not guilty to the charges.

{¶4} The matter proceeded to jury trial. The jury found Appellant guilty of having weapons while under disability, discharge of firearm on or near prohibited premises and kidnapping. The jury also found that Appellant, with respect to the kidnapping charge, had a firearm on or about his person or under his control. The jury found Appellant not guilty of the tampering charge. Pursuant to a Judgment Entry filed on November 3, 2010, the trial court sentenced Appellant to an aggregate term of imprisonment of eight years.

{¶5} Appellant filed a timely appeal to this Court, raising the following assignments of error on appeal:

{¶6} "I. THE DECISION WAS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE.

{¶7} "II. THE TRIAL COURT COMMITTED ERROR BY IMPROPERLY CHARGING THE JURY.

{¶8} "III. APPELLANT WAS DENIED HIS RIGHT BECAUSE OF INEFFECTIVE ASSISTANCE OF COUNSEL."

{¶9} Pursuant to an Opinion filed on September 9, 2011, this Court affirmed Appellant's conviction and sentence. *State v. Harper,* 5th Dist. Guernsey No. 2010–CA–44, 2011–Ohio–4568.[1]

{¶10} On November 22, 2011, Appellant filed a Motion for Sentence Reduction in the trial court. The trial court denied the Motion for Sentence Reduction on January 10, 2012.

{¶11} On January 19, 2012, Appellant filed a Petition for Post–Conviction Relief. Appellant alleged that the trial court had erred in failing to inform his wife, Tina Harper, that she did not have to testify against Appellant, that his trial counsel, Lindsey Donehue, was ineffective in failing to object when Appellant's wife was called as a witness against him, and that his property had been illegally searched without a search warrant. Appellant also alleged that his conviction for having weapons while under disability was based on perjured testimony from Detective Sam Williams, that Williams altered Appellant's *Miranda* rights form, that his convictions for kidnapping and having weapons while under disability were against the manifest weight and sufficiency of the evidence, and that his trial counsel was ineffective in failing to obtain any evidence on Appellant's behalf or to

---

[1] A Nunc Pro Tunc Opinion was filed October 2, 2013.

subpoena witnesses. The trial court denied Appellant's petition pursuant to an Entry filed on January 25, 2012, finding that the petition was not timely filed.

{¶12}  Appellant appealed from the trial court's January 10, 2012 Judgment Entry, raising the following assignments of error:

{¶13} "I. HAVING WEAPONS WHILE UNDER DISABILITY: IMPROPER DEGREE OF FELONY.

{¶14} "II. PERJURY OHIO REVISED CODE 2921.11 EVIDNCE [SIC] RULE 602: DETECTIVE SAM WILLAIMS [SIC] COMMITTED PERJURY AT TRIAL UNDER OATH WHEN HE TESTIFIED THAT HE HAD A COPY OF A COMPUTERIZED CRIMINAL HISTORY ON THRE [SIC] APPELLANT HENRY N. HARPER SHOWING A 1985 FELONY CONVICTION ALSO VIOLATING EVIDENCE RULE 602.

{¶15} "III. CONSECUTIVE SENTENCING OHIO REVISED CODE 2929.41 WAS IMPROPER DUE TO THE FACT OF JUDICIAL FACT–FINDING MUST OCCUR BEFORE CONSECUTIVE SENTENCES MAY BE IMPOSED UNDER O.R.C. 2929.14(E)(4).

{¶16} "IV. KIDNAPPING OHIO REVISED CODE 2905.01 NO ELEMENTS OF THE CRIME OF KIDNAPPING WERE PROVEN AT TRIAL. THERE IS NO KIDNAPPING VICTIM.

{¶17} "V. GUN SPECIFICATIO N[SIC] OHIO REVISED CODE 2941.145 GUN SPECIFICATION OF O.R.C. IS IMPROPER AND CONTRARY TO LAW. NONE OF THE ELEMENTS FOR A GUN SPEC. O.R.C. 2941.145 WERE PROVEN AT THE TRIAL."

{¶18} Appellant also appealed from the trial court's January 25, 2012 Judgment Entry, raising the following assignments of error on appeal:

**{¶19}** "I. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL: LINDSEY K. DONEHUE.

**{¶20}** "II. INCORRECT CHARGE OF DEGREE OF FELONY: PERJURY O.R.C. 2921.11.

**{¶21}** "III. UNITED STATES CONSTITUTIONAL RIGHTS VIOLATION AMENDMENT FOUR.

**{¶22}** "IV. UNITED STATES CONSTITUTIONAL RIGHT VIOLATION AMENDMENT SIX: [SIC] FIVE, FOURTEEN.

**{¶23}** "V. NO EVIDENCE TO SUPPORT THE ELEMENT OF EITHER CRIME WERE PROVEN."

**{¶24}** The two cases were assigned Case Nos. 2012 CA 000003 and 2012 CA 000008.

**{¶25}** Subsequently, via an Opinion filed on July 30, 2012 in *State v. Harper,* 5th Dist. Guernsey Nos. 12CA000003, 12CA000008, 2012–Ohio–3541, this Court affirmed the judgment of the trial court in both cases on the basis of res judicata.

**{¶26}** On March 14, 2012, while the above cases were pending, Appellant filed a Second Petition for Post–Conviction Relief. Appellant alleged that police had committed an illegal search and seizure of his home, that his wife, who testified against him, was threatened with criminal charges and was lied to by and illegally detained by police, that Detective Sam Williams tampered with evidence, including Appellant's *Miranda* rights form, and that Williams' trial testimony was inconsistent. Appellant also alleged that there was insufficient evidence supporting the kidnapping charge against him and that his conviction was against the manifest weight of the evidence, and that his trial counsel was

ineffective. Appellant also alleged that his bail was excessive and that there was insufficient evidence supporting his conviction for having weapons while under disability.

**{¶27}** Pursuant to a Judgment Entry filed on May 17, 2012, the trial court denied Appellant's petition, finding that it was not timely filed and that Appellant either raised, or could have raised, the same issues in his direct appeal.

**{¶28}** Appellant appealed from the trial court's May 17, 2012 Judgment Entry denying his Second Petition for Post–Conviction Relief, raising the following assignments of error:

**{¶29}** "I. THE COURT FAILS TO ACKNOWLEDGE FACTUAL FACTS TO SUPPORT THE COURT'S STATEMENTS.

**{¶30}** "II. THE COURT FAILS TO ACKNOWLEDGE THE LEGAL DOCUMENTS PROVIDED WITH THE POST–CONVICTION RELIEF.

**{¶31}** "III. THE TRIAL COURT FAILS TO ACKNOWLEDGE THE SEVERAL FALSE, INCORRECT, STATEMENTS IN THE STATE OF OHIO'S APPELLEE BRIEF.

**{¶32}** "IV. THE TRIAL COURT ERRERED [SIC] IN THE MOTION TO ACQUITTAL (29)(A).

**{¶33}** "V. THE TRIAL COUNSEL WAS INEFFECTIVE BY NOT ASKING FOR MOTION FOR ACQUITTAL PROPERLY AND VIOLATIONS OF UNITED STATES CONSTITUTIONAL RIGHT AMEND. SIX."

**{¶34}** This Court affirmed the judgment of the trial court on November 5, 2012, finding that the second petition for post-conviction relief was untimely, and all issues raised therein were res judicata. See *State v. Harper*, 5th Dist. Guernsey No. 12 CA 15, 2012-Ohio-5161.

{¶35} On September 21, 2012, during the pendency of his appeal from the judgment denying his second petition for post-conviction relief, Appellant filed a petition to vacate or set aside his judgment of conviction and sentence. The trial court denied this petition on September 24, 2012. Appellant appealed, assigning the following errors:

{¶36} "I. THE SENTENCE IS A VOID SENTENCE AND UNCONSTITUTIONAL SENTENCE AS PURSUANT TO OHIO REVISED CODE 2905.01 KIDNAPPING (A)(1)(2)(A) NO PERSON, BY FORCE, THREAT, OR DECPTION [SIC], OR IN THE CASE OF A VICTIM UNDER THE AGE OF THIRTEEN OR MENTALLY INCOMPETENT, BY ANY MEANS SHALL REMOVE ANOTHER FROM THE PLACE WHERE THE OTHER PERSON IS FOUND OR RESTRAIN THE LIBERTY OF THE OTHER PERSON FOR ANY OF THE FOLLOWING PURPOSES; (1) TO HOLD FOR RANSOM, OR AS A SHEILD [SIC] OR HOSTAGE; (2) TO FACILITATE THE COMMISSION OF ANY FELONY OR FLIGHT THEREAFTER; SEE AFFIDAVIT FROM TINA HARPER NEITHER ELEMENT OF THE CRIME OF KIDNAPPING WHERE [SIC] PROVEN AT TRIUAL [SIC].

{¶37} "II. THE SENTENCE IS A VOID SENTENCE AND UNCONSTITUTIONAL SENTENCE AS PURSUANT TO OHIO REVISED CODE 2941.145; SPECIFICATION CONSERNING [SIC] USE OF A FIREARM TO FACILITATE OFFENSE: THERE IS NO PROOF OR EVIDENCE SUPPORTING THE USE OR FACILITATION OF A FIREARM TO COMMIT THE OFFENSE OF KIDNAPPING.

{¶38} "III. THE SENTENCE IS A VOID SENTENCE AND UNCONSTITUTIONAL SENTENCE AS PURSUANT TO OHIO REVISED CODE 2923.13 HAVING WEAPONS WHILE UNDER DISABILITY: BALDWINS OHIO PRACTRICE [SIC] KATZ & GANNILLEI OHIO CRIMINAL LAWS AND RULES: ELEMENTS OF THE OFFENSE: PENALTY 5TH

DEGREE FELONY THERE WHERE [SIC] NO ELEMENTS TO PROVE THAT THE HAVING WEAPONS WHILE UNDER DISABILITY WAS A THIRD DEGREE FELONY."

**{¶39}** Pursuant to an Opinion filed in *State v. Harper*, 5th Dist. Guernsey No. 12 CA 22, 2013-Ohio-1781, this Court affirmed the judgment of the trial court.

**{¶40}** On May 14, 2015, Appellant filed a Motion for Relief from Judgment or Order pursuant to Ohio Civil Rule 60(B)(5). Appellant, in his motion, argued that his kidnapping conviction was contrary to law and "obtain(sic) by an insufficient Indictment." The trial court, as memorialized in an Entry filed on June 29, 2015, denied the same.

**{¶41}** Appellant appealed, raising the following assignments of error on appeal:

**{¶42}** "I.   THE GUERNSEY COUNTY COURT OF COMMON PLEAS JUDGE DAVID A. ELLWOOD MADE AN UNREASONABLE DECISION IN THE APPELLANT'S MOTION FOR RELIEF FROM JUDGEMENT (SIC) OR ORDER CIVIL RULE 60 (B) (5) RULING THAT THE MOTION IS NOT WELL TAKEN AND DENIED, THE FACTS CLEARLY SHOW THAT THE MOTION FOR CIVIL RULE 60 (B) (5) SHOULD BE GRANTED.

**{¶43}** "II.   THE GUERNSEY COUNTY COURT OF COMMON PLEAS, JUDGE DAVID A. ELLWOOD MADE AN ERROR IN DENYING THE APPELALNT'S (SIC) MOTION FOR RELIEF FROM JUDGEMENT (SIC) OR ORDER CIVIL RULE 60 (B) (5) RULING THAT THE MOTION IS NOT WELL TAKEN AND DENIED, AS THE FACTS CLEARLY SHOW THAT THERE ARE NO ELEMENTS FOR THE CRIME OF KIDNAPPING AS DEFINED BY OHIO REVISED CODE 2905.01 (A) (1) (2):

**{¶44}** "III.   THE GUERNSEY COUNTY COURT OF COMMON PLEAS, JUDGE DAVID A. ELLWOOD MADE AN ERROR IN DENYING THE APPELLANT'S MOTION

FOR RELIEF FROM JUDGEMENT (SIC) OR ORDER CIVIL RULE 60 (B) (5) RULING THAT THE MOTION IS NOT WELL TAKEN AND DENIED, AS THE FACTS OF THE CASE CLEARLY SHOW THAT THE INDICTMENT IS INVALID AND VOID DUE TO THE MANY MISSTATEMENTS (SIC) AND NO ELEMENTS OF THE CRIME OF KIDNAPPING O.R.C. 2905.01 (A) (1) (2) <u>TO FACILITATE THE COMMISSION OF ANY FELONY</u> OR FLIGHT THEREAFTER."

{¶45} Pursuant to an Opinion filed in *State v. Harper*, 5th Dist. Guernsey No. 15 CA 19, 2016-Ohio-471, this Court affirmed the judgment of the trial court.

{¶46} On November 19, 2015, Appellant filed a Motion for Relief from Judgment or Order pursuant to Ohio Civil Rule 60(B)(5). Appellant, in his motion, argued that he was "unconstitutionally, wrongfully convicted" of having weapons while under disability.

{¶47} By Judgment Entry filed on January 5, 2016, the trial court denied same.

{¶48} Appellant now appeals, assigning the following errors for review:

**<u>ASSIGNMENTS OF ERROR</u>**

{¶49} "I. THE GUERNSEY COUNTY COURT COMMITTED ERROR IN DENYING THE MOTION FOR RELIEF FROM JUDGENMENT OR ORDER CIVIL RULE 60(B)(5) PURSUANT TO THE HAVING WEAPONS WHILE UNDER DISABILITY OHIO REVISED CODE 2923.13.THE FACTS OF THE CASE AND OHIO LAW O.R.C.2923.13, <u>ELEMENTS OF CRIMES</u> CLEARLY AND CONVINCINGLY DEMOSTRATE THAT THE HAVING WEAPONS WHILE UNDER DISBAILITY BASED ON A FOURTH DEGREE FELONY-TWENTY-FIVE_YEARS_OLD IS <u>MOST DEFINETELY A FIFTH DEGREE FELONY</u>. [SIC]

**{¶50}** "II. THE HAVING WEAPONS WHILE UNDER DISABILITY OHIO REVISED CODE 2923.13 BEING A THIRD DEGREE FELONY TWENTY-FIVE-YEARS_AFTER A FOURTH DEGREE FELONY IS IN VIOLATION OF UNITED STATES AMENDMENT EIGHT(8)CRUEL AND UNUSUAL PUNISHMENT, AND AMENDMENT FIVE(5)DOUBLE JEOPARDY:. [SIC]

**{¶51}** "III. THE GUERNSEY COUNTY COURT OF COMMON PLEAS COMMITTED ERROR IN FAILING TO RECOGNIZE THE INCORRECT DEGREE OF FELONY CONTAINED ON THE INDICTMENT APPENDIX A COUNT ONE HAVING WEAPONS WHILE UNDER DISBAILITY OHIO REVISED CODE 2923.13 (A FELONY OF THE THIRD DEGREE) EVEN THOUGH THE INDICTMENT CONTIANS THE TWENTY-FIVE_YEAR-OLD CASE NO. 85-C-62  AGGRAVATED ASSUALT.WHICH PURSUANT TO OHIO ¼PRACTICE CRIMINAL LAWS AND RULES (2010)  PAGE A-118 KATZ & GAINNELLI ELEMENTS OF CRIMES PENALTY 5TH DEGREE FELONY. APPENDIX T. [SIC].

**{¶52}** "IV. RES JUDICATA DOES NOT APPLY TO A VOID SENTENCE."

**I, II., III., IV.**

**{¶53}** Because our disposition of Appellant's four assignments of error requires the same analysis, we shall address said assignments of error together.

**{¶54}** In *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967), the Ohio Supreme Court stated, "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was

raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."

{¶55} In the instant case, Appellant challenges the weight and sufficiency of the evidence as to his conviction for having weapons while under disability charge.

{¶56} Upon review, we find Appellant's claims could have been raised on direct appeal and were raised on direct appeal. Appellant's current claims are therefore barred by *res judicata,* and the trial court did not err in denying his motion.

{¶57} Appellant's First, Second, Third and Fourth Assignments of Error are therefore, overruled.

{¶58} For the foregoing reasons, the judgment of the Court of Common Pleas, Guernsey County, Ohio, is affirmed.

By: Wise, J.

Farmer, P. J., and

Gwin, J., concur.

JWW/ 051