OPINION
{¶ 1} Appellant, Clifford Daniels ("Daniels"), appeals from the judgment of the Chardon Municipal Court awarding appellee, Christopher Santic ("Santic"), $10,033.16 in damages on Santic's counterclaim for breach of contract and unworkmanlike performance. We affirm.
 {¶ 2} Daniels agreed to build a garage foundation on Santic's property for $6,450. Daniels began the work but abandoned the project. The foundation as constructed by Daniels was defective and cracked. The Geauga County Building Inspector "red tagged" the foundation because of the defects in workmanship.
 {¶ 3} Santic hired other contractors to repair the defects in Daniels' work and complete the project. Santic paid $16,483.16 to have the repairs made and the project completed.
 {¶ 4} Daniels filed a breach of contract action against Santic. Santic counterclaimed alleging breach of contract and unworkmanlike construction. The matter proceeded to a bench trial. The trial court awarded judgment in favor of Santic on Daniels' breach of contract claim and on Santic's claims for breach of contract and unworkmanlike construction. Daniels filed a timely appeal raising four assignments of error:
 {¶ 5} "[1.] The trial court erred to the prejudice of plaintiff-appellant by finding, in the absence of expert testimony, that plaintiff-appellant failed to perform in a workmanlike manner and that such failure was the cause of damage to defendantappellee.
 {¶ 6} "[2.] The trial court erred to the prejudice of plaintiff-appellant by allowing the introduction of photographs into evidence when the witness was not the photographer and had no personal knowledge of when the pictures were taken [or] the condition which was depicted.
 {¶ 7} "[3.] The trial court erred to the prejudice of plaintiff-appellant by accepting the defendant's self-serving, non-expert testimony as to the cause and cost of the damage and the money necessary for repair and completion.
 {¶ 8} "[4.] The trial court erred to the prejudice of plaintiff-appellant by miscalculating the award of damages including items never originally included in the contract."
 {¶ 9} Each assignment of error raised by Daniels requires review of the transcript. In this case, the trial was recorded by videotape. Because appellant has failed to comply with the requirements of App.R. 9 and 16(D) we affirm the trial court's judgment.
 {¶ 10} App.R. 9(A) provides in relevant part:
 {¶ 11} "A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. Proceedings recorded by means other than videotape must be transcribed into written form. * * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."
 {¶ 12} Daniels did not transcribe the portions of the video necessary to determine the questions presented, certify their accuracy, or append a copy of the portions of the transcript to his brief. We cannot consider those assignments of error that would require a review of the videotape.Deer Lake Mobile Park v. Wendel, 11th Dist. No. 2002-G-2438,2003-Ohio-6981, ¶ 15. See, also, Visnich v. Visnich (Dec. 17, 1999), 11th Dist. No. 98-T-0144, 1999 Ohio App. LEXIS 6140, at 4, (stating, "As we have held on numerous occasions this court will not, nor should appellant expect it to, search through the videotapes in order to find passages that support the assignments of error raised.") (Internal quotations and citations omitted.)
 {¶ 13} App.R. 16(D) provides:
 {¶ 14} "References in the briefs to parts of the record shall be to the pages of the parts of the record involved; * * *. If reference is made to evidence, the admissibility of which is in controversy, reference shall be made to the pages of the transcript at which the evidence was identified, offered, and received or rejected."
 {¶ 15} Appellant's brief fails to properly reference the portions of the record supporting his assignments of error and thus, he cannot demonstrate his claimed errors.
 {¶ 16} For the foregoing reasons, appellant's assignments of error are without merit and the judgment of the Chardon Municipal Court is affirmed.
Ford, P.J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.