NORTH, APPELLANT, *v.* BEIGHTLER, WARDEN, APPELLEE.

[Cite as *North v. Beightler*, 112 Ohio St.3d 122, 2006-Ohio-6515.]

*Habeas corpus — Issue not raised in court of appeals is waived on appeal — Petition that does not include copies of all pertinent commitment papers required by R.C. 2725.04 is defective — Court of appeal's denial of writ affirmed.*

(No. 2006-1165 ─ Submitted November 15, 2006 ─ Decided December 27, 2006.)

APPEAL from the Court of Appeals for Marion County, No. 9-06-11.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a habeas corpus petition.

{¶ 2} On April 2, 1997, the Lorain County Court of Common Pleas convicted appellant, John R. North, of aggravated burglary and aggravated robbery and sentenced him to an aggregate prison term of five years. On October 23, 2001, North was released from prison and placed on postrelease control.

{¶ 3} On July 19, 2005, the Adult Parole Authority held a hearing and found North guilty of violating the terms of his postrelease control by, among other things, escaping the Parole Authority's detention. The Parole Authority imposed a 180-day prison term as a sanction for the postrelease-control violation. On August 29, 2005, the common pleas court convicted North of escape and sentenced him to one year in prison.

{¶ 4} On March 20, 2006, North filed a petition in the Court of Appeals for Marion County for a writ of habeas corpus to compel his release from prison. North claimed that because postrelease control was never made a part of his initial

sentence in April 1997, his incarceration was unlawful based on our decision in *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301.

{¶ 5}   On May 19, 2006, the court of appeals dismissed North's petition.

{¶ 6}   In his appeal as of right, North asserts that the postrelease-control language in a purported 2004 sentence for attempted escape did not legally impose postrelease control because it stated that "postrelease control is (mandatory/optional) in this case up to a maximum of (3/5) years."  North did not, however, raise this issue in his petition or in the proceedings in the court of appeals, so he has waived this issue on appeal.  *Phillips v. Irwin*, 96 Ohio St.3d 350, 2002-Ohio-4758, 774 N.E.2d 1218, ¶ 6 (habeas corpus petitioner waived her preeminent claim on appeal because she failed to raise it in the court of appeals); see, also, *Taylor v. Mitchell* (2000), 88 Ohio St.3d 453, 454, 727 N.E.2d 905, fn. 1.

{¶ 7}   Moreover, North cannot now add his September 28, 2004 sentence for attempted escape to the record to support his claim on appeal.  *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 16 ("We cannot, however, add matter to the record before us that was not part of the court of appeals' proceedings and then decide the appeal on the basis of the new matter").

{¶ 8}   Further, by now claiming that the 2004 sentence is pertinent to his habeas corpus claim, North effectively concedes that by not attaching a copy of it to his petition, dismissal of his petition was warranted for failing to comply with the requirement in R.C. 2725.04(D) to include the commitment papers.  *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 10.

{¶ 9}   North further asserts that the court of appeals erred in dismissing his petition because his current incarceration resulted from his April 2, 1997 sentence, which did not include any term for postrelease control.  However, at the time he filed his habeas corpus petition and the court of appeals dismissed it, he

was incarcerated in part because of his August 29, 2005 sentence for escape.  He thus had an adequate remedy at law by appeal from that sentence to raise his claim that his escape conviction was invalid.

**{¶ 10}** Based on the foregoing, the court of appeals properly dismissed North's habeas corpus petition.  Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

LANZINGER, J., concurs in judgment only.

————————————

David H. Bodiker, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.

Jim Petro, Ohio Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

————————————