OPINION
{¶ 1} Appellant, Eric Lochtefeld, appeals the Warren County Common Pleas Court's denial of his petition for a writ of habeas corpus.
 {¶ 2} Appellant was convicted of a felony in California. After appellant moved to Ohio, his parole was transferred from California to the Ohio Adult Parole Authority ("OAPA"). Sometimes prior to July 13, 2006, appellant allegedly violated the conditions of his parole and California issued a warrant for his arrest. As a result of the warrant, appellant was arrested by the Warren County Sheriff's Office on July 13, 2006. Appellant was charged as a fugitive *Page 2 
from justice in violation of R.C. 2963.12. At an extradition hearing held on July 13, appellant signed a waiver of extradition, consenting to return to California. On July 31, following a hearing, the trial court released appellant on his own recognizance and ordered that appellant be released from the Warren County jail. However, by virtue of a holder issued by the OAPA on July 28, appellant remained in jail until he was eventually transported to California in September 2006.
 {¶ 3} While in jail, appellant filed a petition in the trial court for a writ of habeas corpus for his immediate release. On September 13, 2006, the trial court denied the petition: "the Court finds that the Defendant has been released on his own recognizance on July 31, 2006. Furthermore, the Court finds that the Defendant is currently being held in the Warren County Jail on a holder issued from the [OAPA] pending extradition to California. Therefore, the Court finds that the Defendant is not being held under Warren County authority. The Court further finds that the Defendant is being held by the valid authority of the [OAPA]." This appeal follows.
 {¶ 4} In a single assignment of error, appellant challenges the denial of his petition. Appellant argues that he was improperly held in jail, and thus the trial court should have granted habeas corpus relief, because (1 ) the OAPA failed to take any action once the holder was issued, in violation of R.C. 2967.15, and (2) he should have been released within 30 days of his arrest, but was confined past this date in violation of R.C. 2963.13. Under R.C. 2967.15, the OAPA is required to hold a parole revocation hearing within a reasonable time. R.C.2963.13 provides in relevant part that "the judge or magistrate must * * * commit [a fugitive from justice] to the county jail for such a time, not to exceed [30] days * * *, until the accused furnishes bail or until he is legally discharged."
 {¶ 5} "A writ of habeas corpus is warranted in certain extraordinary circumstances `where there is an unlawful restraint of a person's liberty and there is no adequate remedy in *Page 3 
the ordinary course of law.'" Drake v. Tyson-Parker, 101 Ohio St.3d 210,2004-Ohio-711, ¶ 4.
 {¶ 6} We decline to address appellant's argument regarding the OAPA. Appellant did not raise this issue in his petition, and as a result, has waived this issue on appeal. North v. Beightler, 112 Ohio St.3d 122,2006-Ohio-6515, ¶ 6; Drake at ¶ 6.
 {¶ 7} Appellant also argues that he should have been released from jail no later than August 12, 2006 (that is, within 30 days of his arrest), but that he was instead held beyond this date in violation of R.C. 2963.13. However, the record shows that appellant was released from the trial court's custody on July 31, 2006 (two weeks after his arrest) when he was released on his own recognizance. After July 31, the OAPA, not the trial court, held appellant in jail pursuant to R.C. 2967.15. As such, appellant's custody was no longer subject to R.C. 2963.13, and the trial court was without authority to release appellant from the OAPA's custody. Appellant's petition was therefore properly denied on these grounds.
 {¶ 8} We find that the trial court did not err by denying appellant's petition for a writ of habeas corpus. Appellant's assignment of error is overruled.
 {¶ 9} Judgment affirmed.
 BRESSLER and POWELL, JJ., concur. *Page 1