[Cite as *Bunting v. Wilson*, 2015-Ohio-3156.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| PAUL EDWARD BUNTING | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2015 AP 04 0015 |
| SHERIFF WALTER R. WILSON | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil appeal from the Tuscarawas County Court of Common Pleas, Case No. 2013 CV 12 0874

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    August 5, 2015

APPEARANCES:

For Defendant-Appellee

ROBERT R. STEPHENSON II
Assistant Prosecuting Attorney
125 E. High Avenue
New Philadelphia, OH 44663

For Plaintiff-Appellant

PAUL E BUNTING  # 395-279
Box 540
St. Clairsville3l, OH  43950

*Gwin, P.J.*

{¶1}    Appellant, Paul Edward Bunting ["Bunting"] appeals the March 22, 2015 judgment entry of the Tuscarawas County Court of Common Pleas denying his motion for relief from judgment pursuant to Civ.R.60 (B). Sheriff Walter R. Wilson ["Wilson"] is the appellee.

*Facts and Procedural History*

{¶2}    Bunting filed a "Complaint for Declaratory Judgment in Tandem with Issuing Injunctive Relief (Non-Jury Trial Proceedings)" against Wilson on December 4, 2013.

{¶3}    The crux of Bunting's Complaint centers upon his contention that prior to his incarceration in the state penal system, Bunting had an agreement with Thomas Weaver ["Weaver"] to store a "1977 Chevrolet half-ton custom 4 by 4 black-on-black panel van" and "a 1977 Honda CB350cc full-custom chopper motorcycle" on Weaver's farm until Bunting's release from prison. The agreement was actually between Bunting's mother and Mr. Weaver. Bunting's mother died and Mr. Weaver sought the removal of the van from the property, with the assistance of Chief Deputy Orvis Campbell. The motorcycle had been destroyed in a fire a number of years ago. On May 13, 2013, Chief Deputy Campbell forwarded a letter to Bunting requesting the removal of the van by Monday, June 24, 2013 or the vehicle would be towed. Bunting did not make arrangements to have the vehicle moved. The vehicle was towed as abandoned and Chief Deputy Campbell disposed of the vehicle in accordance with the abandoned and junk motor vehicle laws of Ohio.

{¶4}    On January 6, 2014, Bunting filed a pro se motion for summary judgment. Affidavits or other evidentiary quality material did not support this motion. Wilson filed a memorandum in opposition to Bunting's motion for summary judgment. The trial court overruled Bunting's motion for summary judgment by judgment entry filed January 31, 2014.

{¶5}    Wilson filed a motion for summary judgment on May 20, 2014. The motion was supported by the affidavit of Orvis Campbell ["Campbell"], Chief Deputy of the Tuscarawas County Sherriff's Department, and a May 13, 2013 letter from Campbell to Bunting advising Bunting that Weaver was asking for the removal of Bunting's property. The letter advised Bunting that he could arrange to have someone move the property before June 24, 2013, and if Bunting did not do so, the vehicle would be towed and impounded. The motion was also supported by September 24, 2013 letter from Campbell to Bunting advising Bunting that a title search of the Chevrolet van revealed the title owner to be a "Mr. Bill Allison of Malvern, Ohio." Bunting filed no response to the summary judgment motion. The Court set a non-oral consideration of the summary judgment for June 9, 2014.

{¶6}    The Court, considered the Motion on June 11, 2014 and granted the Summary Judgment Motion, dismissing Bunting's Complaint through a Judgment Entry filed on June 12, 2014.

{¶7}    Bunting appealed the trial court's June 12, 2014 judgment entry to this Court in case number 2014 AP 07 0028. By Judgment Entry filed August 22, 2014, this Court dismissed Bunting's appeal for Bunting's failure to file the affidavit of prior civil actions as required by R.C. 2969.25. See, *State ex rel. White v. Bechtel,* 99 Ohio St.3d

11, 2003-Ohio-2262, 788 N.E.2d 634, 635. This court denied Bunting's motion for reconsideration by judgment entry filed September 25, 2014. The Ohio Supreme Court declined jurisdiction. *Bunting v. Wilson,* 142 Ohio St.3d 1423, 2015-Ohio-1353, 28 N.E.2d 122(Table). The Ohio Supreme Court denied Bunting's motion for reconsideration. *Bunting v. Wilson,* 142 Ohio St.3d 1479, 2015-Ohio-2104, 31 N.E.2d 656(Table).

{¶8}  On March 4, 2015, Bunting filed a Motion for Relief from Judgment with respect to the trial court's June 12, 2014 Judgment Entry asserting excusable neglect for his failure to file a memorandum in opposition to Wilson's summary judgment motion. Bunting argued that he did not receive the notice of the scheduling for June 9, 2014 of the non-oral hearing on Wilson's motion for summary judgment until June 5, 2014. Bunting contended that because he was incarcerated he could not timely prepare, mail and file a response to Wilson's motion for summary judgment. The trial court denied the motion for relief from judgment by judgment entry filed March 20, 2015.

*Assignment of Error*

{¶9}  Bunting raises one assignment of error,

{¶10} "I. TRIAL COURT PREJUDICIALLY ERRED AND ABUSED ITS DISCRETION BY OVERRULING PRO SE CIVIL RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT FOR EXCUSABLE NEGLECT OR ANY OTHER REASON IN RELIANCE OF AN UNAVOIDABLE FAILURE TO FILE MEMORANDUM IN OPPOSITION TO A MOTION FOR SUMMARY JUDGMENT WARRANTED AN EVIDENTIARY HEARING ON THE THREE ELEMENTS OF THE TEST IN GTE."

*Analysis*

**{¶11}** We understand that Bunting has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.,* 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. *See, also, State v. Hall*, 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted).

**{¶12}** In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. *See, State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty*, 4th Dist.No. 411, 1980 WL 350992 (Feb. 28, 1980), *citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. *See, North v. Beightler*, 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, *quoting Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16. Therefore, we have disregarded facts and documents in the briefs that are outside of the record.

**{¶13}** In *Fifth Third Bank v. Labate*, 5th Dist. Stark No. 2005CA00180, 2006–Ohio–4239, this Court held,

Civil Rule 60(B) represents an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (Citation omitted). The grant or denial of a motion for relief from judgment under Civ.R. 60(B) rests within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Further, in examining the trial court's denial of a motion for relief from judgment this Court does not review the correctness of the original judgment from which relief is sought, but rather we are limited to determining whether the trial court abused its discretion in failing to grant relief from judgment. *Kochalko v. Kochalko*, Guernsey App. No. 04CA15, 2004–Ohio–7098 (Citations omitted).

"In order to prevail on a motion brought pursuant to Civ.R. 60(B), " * * * the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." *Argo Plastic*

*Products Co. v. Cleveland* (1984), 15 Ohio St.3d 389, 391, 474 N.E.2d 328, *citing GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. *Argo* at 391, 15 Ohio St.3d 389, 474 N.E.2d 328.

**{¶14}** The decision of whether to vacate a judgment rests within the trial court's discretion and will not be reversed absent an abuse of discretion. *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 12, 371 N.E.2d 214(1978). An abuse of discretion is more than simply an error of law, but rather implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140(1983).

**{¶15}** In the case at bar, Bunting's argument that he was not given sufficient time to respond to Wilson's motion for summary judgment is an issue that is cognizable on appeal, and therefore it cannot be used to collaterally attack a judgment. It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion. *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 8–9. *See also*, *Doe v. Trumbell County Children Services Bd.*, 28 Ohio St.3d 128, paragraph 2 of the syllabus. Bunting attempted such an appeal from the trial court's entry of summary judgment in Wilson's favor. *Bunting v. Wilson,* 5th Dist. Tuscarawas No. 2014 AP 07 0028. Subsequent to the dismissal of his appeal, Bunting filed the subject Rule 60(B) motion in an attempt to re-litigate the propriety of the trial court's June 12, 2014 judgment entry granting the summary judgment motion and dismissing Bunting's Complaint.

{¶16}  In addition, the requirements imposed upon the party who seeks to have a judgment vacated include a demonstration of a meritorious defense or claim to present if relief is granted. A thorough review of the record before us reveals that Bunting did not demonstrate to the trial court that he has a meritorious defense or claim to present if relief is granted.

{¶17}  Bunting's sole assignment of error is overruled.

{¶18}  For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur