[Cite as *State v. Hentrich*, 2019-Ohio-5174.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Craig R. Baldwin;, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2019 CA 00009 |
| BRANDY HENTRICH | : | |
| | : | |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:    Criminal appeal from the Fairfield County
Court of Common Pleas, Case No.
2017CR743

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    December 9, 2019

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

ROBERT WITT        JAMES ANZELMO
Fairfield County Prosecutor        446 Howland Drive
239 West Main Street        Gahanna, OH 43230
Suite 101
Lancaster, OH 43130

*Gwin, P.J.*

{¶1} Defendant-appellant Brandy Hentrich ["Hentrich"] appeals her conviction and sentence after a negotiated guilty plea in the Fairfield County Court of Common Pleas.

*Facts and Procedural History*

{¶2} Hentrich was indicted on: (1) aggravated trafficking in drugs, a first degree felony, in violation of R.C. 2925.03; (2) aggravated possession of drugs, a second degree felony, in violation of R.C. 2925.11; (3) possession of hashish, a third degree felony, in violation of R.C. 2925.11; (4) possession of cocaine, a fifth degree felony, in violation of R.C. 2925.11; (5) selling, purchasing, distributing or delivering dangerous drugs, a fifth degree felony, in violation of R.C. 4729.51; (6) illegal use or possession of drug paraphernalia, a fourth degree misdemeanor, in violation of R.C. 2925.14; (7) possession of marijuana, a minor misdemeanor, in violation of R.C. 2925.11; and (8) illegal use or possession of marijuana drug paraphernalia, a minor misdemeanor, in violation of R.C. 2925.141.

{¶3} Hentrich agreed to plead guilty to the charges in exchange for the defense and prosecution jointly recommending a sentence of five years in prison. The parties agreed to merge the aggravated trafficking of drugs offense into the aggravated possession of drugs offense. The prosecution also agreed not to object to Hentrich being granted judicial release.

{¶4} Hentrich pleaded guilty, and the trial court merged the aggravated trafficking of drugs offense into the aggravated possession of drugs offense. The court ordered Hentrich to serve a total of five years in prison for the offenses. Lastly, the court ordered

Hentrich to serve the five-year prison sentence consecutive to any sentence imposed on Hentrich violating the conditions of her intervention in lieu of conviction matter in a separate case.

*Assignments of Error*

{¶5}    Hentrich raises two Assignments of Error,

{¶6}    "I. BRANDY HENTRICH DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY PLEAD GUILTY, IN VIOLATION OF HER DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION.

{¶7}    "II. HENTRICH RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

I.

{¶8}    In her First Assignment of Error, Hentrich argues that the trial court failed to inform her that judicial release would not be considered, her attorney told her she would receive concurrent sentences, the trial court failed to make sure that she understood the nature of the charges against her, and her attorney pressured her into pleading guilty. [Appellant's Brief at 3-5].   Hentrich contends, therefore, her plea was not knowing, intelligent and voluntary.

**STANDARD OF APPELLATE REVIEW.**

{¶9}    The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult

process of proving his guilt beyond a reasonable doubt.  *See Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473(1962).  A plea of guilty constitutes a complete admission of guilt.  Crim. R. 11 (B) (1).  "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927(1989).

{¶10}  Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily.  Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C).  *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), *citing State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977).  In *State v. Griggs*, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

> Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice.[*State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474.  The test for prejudice is 'whether the plea would have otherwise been made.'  Id.  Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea].  *See, State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509 at ¶ 19-20.

103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶12.

## ISSUE FOR APPEAL

*Whether Hentrich's plea was made knowingly, intelligently and voluntarily.*

{¶11} In the case at bar, neither the Crim.R. 11(C) and (F) plea agreement signed by Hentrich and her attorney, nor the trial judge promised Hentrich that she would be granted judicial release. *Waiver Upon Plea of Guilty or No Contest,* filed May 30, 2018. [Docket Entry Number 36]. That entry further provides:

> NO PROMISES OR THREATS HAVE BEEN MADE TO ME BY ANYONE TO INDUCE ME TO ENTER A PLEA OR PLEAS OF GUILTY OR NO CONTEST TO THE OFFENSES SET FORTH ABOVE. IN PARTICULAR, MY ATTORNEY, THE PROSECUTOR ASSIGNED TO MY CASE, AND THE JUDGE, WHO IS PRESIDING OVER THE MATTER, HAVE NOT MADE ANY PROMISES TO ME AS TO WHAT SENTENCE THE COURT WILL IMPOSE IF I ENTER A PLEA OF GUILTY OR NO CONTEST TO THE OFFENSE(S) SET FORTH ABOVE.

{¶12} The plea agreement was signed by Hentrich, her attorney and the prosecutor on May 29, 2018.

{¶13} During the Change of Plea/Sentencing hearing the following exchange occurred:

> [Defense Counsel]: Your Honor, the only other thing I would add is, as part of the plea agreement, the State agrees not to object to the filing of a motion for judicial release at the earliest opportunity, provided that the Defendant has a satisfactory institutional summary report.

THE COURT: Counsel, could you approach on that matter?

(Thereupon, a side-bar discussion was held, outside the hearing of the jury, as follows:)

THE COURT: I'd certainly be willing to listen to anything more that you have to say about that, but from what I see here on this PSI, I'm not inclined – let me tell you that I would not be inclined to grant judicial release. This was a considerable amount of drugs that was involved here.

So just so that you'll be aware.

[Defense Counsel]: Could I have a few minutes to discuss that with my client?

THE COURT: Yes.

(Thereupon, the discussion was concluded and the proceedings continued as follows: )

(Pause in proceedings.)

[Defense Counsel]:  Thank you, Your Honor.  We're prepared to proceed.

*Plea / Sentence,* filed Apr. 29, 2019 at 4-5.  Before accepting Hentrich's plea, the trial court informed her,

Ms. Hentrich, you've heard what's been stated here today by Mr. Walker on behalf of the State of Ohio concerning the State's sentencing recommendation and your attorney's comments.  Do you understand the State's recommendation?

THE DEFENDANT: Yes, sir.

THE COURT: And do you understand as well, that while the Court listens to those recommendations, and will listen to anything that you have to say concerning sentencing, that the Court is not legally obligated or required to follow those sentencing recommendations?

THE DEFENDANT: Yes, sir.

THE COURT: Have you had enough time and opportunity to meet with your attorney?

THE DEFENDANT: Yes, sir.

*Plea/Sentence,* filed Apr. 29, 2019 at 7-8.

{¶14}  In the case at bar, the trial judge gave Hentrich several opportunities to ask questions or bring any concerns to his attention.  She did not.  Hentrich did not file a motion in the trial court seeking to withdraw her negotiated guilty plea.  We find Hentrich's suggestion that she did not understand her rights, or that his plea was involuntary to be unsupported by the record.

*This Court may not consider facts not contained in the trial court record.*

{¶15}  Hentrich's arguments concerning her trial attorney contain no citation to the trial court record.

{¶16}  In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.  *See, State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty*, 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980),

*citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. *See, North v. Beightler*, 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, *quoting Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16.

{¶17} It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *See, Dissolution of Doty v. Doty,* 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), *citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). Therefore, Hentrich's new arguments may not be considered. *See, North v. Beightler,* 112 Ohio St.3d 122, 2006–Ohio–6515, 858 N.E.2d 386, ¶ 7, *quoting Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006–Ohio–1195, 843 N.E.2d 1202, ¶ 16.

{¶18} App.R.16(A)(7) states that appellant shall include in his brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, *with citations to the authorities, statutes, and parts of the record on which appellant relies.* The argument may be preceded by a summary." [Emphasis added].

{¶19} Because Hentrich fails to properly reference portions of the record supporting her claim that she was pressured or promised something by her trial attorney Hentrich cannot demonstrate the claimed error. *See Daniels v. Santic,* 11th Dist. Geauga No. 2004-G-2570, 2005-Ohio-1101, ¶ 13-15. *See, also,* App.R. 12(A)(2) and 16(A)(7); *Graham v. City of Findlay Police Dept.* 3rd Dist. Hancock No. 5–01–32, 2002–Ohio–1215 (stating, "[t]his court is not obliged to search the record for some evidence of claimed

error. * * * Rather, an appellant must tell the appellate court specifically where the trial court's alleged errors may be located in the transcript"); *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006-Ohio-903, ¶ 13; *State ex rel. Petro v. Gold,* 166 Ohio App.3d 371, 2006-Ohio-943(10th Dist.), ¶ 94*, appeal not allowed,* 110 Ohio St.3d 1439, 2006-Ohio-3862, *reconsideration denied,* 111 Ohio St.3d 1418, 2006- Ohio-5083; *Porter v. Keefe,* 6th Dist. Erie No. E-02-018, 2003-Ohio-7267, ¶109-113.

*Whether the trial court ensured that Hentrich understood the nature of the charges against her.*

{¶20}   A written waiver of constitutional rights is presumed to have been voluntary, knowing, and intelligent.   *State v. Turner,* 105 Ohio St.3d 331, 2005-Ohio-1938, 826 N.E.2d 266, ¶25.  Further, the trial court conducted a lengthy inquiry concerning each of Hentrich's s constitutional rights during the change of plea hearing on May 29, 2018.

{¶21}   In *State v. Post*, 32 Ohio St.3d 380, 513 N.E.2d 754, the Supreme Court of Ohio addressed the issue of whether guilty pleas coupled with claims of innocence should be accepted without factual basis for the plea.  Id. at 387.  In addressing that issue, the Court noted,

> Contrary to appellant's assertion, however, Crim.R. 11 does not require the trial court to establish a factual basis for the plea before its acceptance.  *See State v. Ricks* (1976), 48 Ohio App.2d 128, 2 O.O.3d 104, 356 N.E.2d 312.  *See, also, Roddy v. Black* (C.A. 6, 1975), 516 F.2d 1380, 1385, *certiorari denied* (1975), 423 U.S. 917, 96 S.Ct. 226, 46 L.Ed.2d 147. *Hawk v. Berkemer* (C.A. 6, 1979), 610 F.2d 445, 447, 18 O.O.3d 396, 398,

fn. 2; *King v. Perini* (N.D.Ohio 1976), 431 F.Supp. 481, 483, fn. 2

32 Ohio St.3d at 387, 513 N.E.2d 754 (1987).

{¶22}  We reviewed the transcript of the hearing at which the trial court conducted the plea colloquy required by Crim.R. 11 and determined that the court substantially complied with Crim.R. 11(C)(2)(a) and (b) and strictly complied with Crim.R. 11(C)(2)(c). The record supports that an extensive colloquy occurred, and that the trial court accepted Hentrich's plea and properly proceeded to sentencing.

{¶23}  Hentrich's First Assignment of Error is overruled.

II.

{¶24}  In her Second Assignment of Error, Hentrich contends that she received ineffective assistance of counsel.  Specifically, Hentrich argues that her attorney failed to inform her that the judge would not consider judicial release, told her she would receive concurrent sentences, pressured her to plead guilty and failed to object to the trial court's failure to go over the indictment or read the facts before entering her plea. [Appellant's Brief at 5-6].

**STANDARD OF APPELLATE REVIEW.**

{¶25}  To obtain a reversal of a conviction based on ineffective assistance of counsel, the defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687–688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693(1984).  A defendant's failure to satisfy one prong of the Strickland test negates a

court's need to consider the other. *Strickland* at 697, 104 S.Ct. at 2069, 80 L.Ed.2d at 699; *State v. Madrigal*, 87 Ohio St.3d 378, 2000-Ohio-448, 721 N.E.2d 52 (2000).

{¶26} In light of "the variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." *Strickland v. Washington*, 466 U.S. 668 at 689,104 S.Ct. at 2064. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668 at 689,104 S.Ct. at 2064.

{¶27} The United States Supreme Court discussed the prejudice prong of the *Strickland* test,

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S.Ct. 2052.
>
> "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ——, ——, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive

post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689–690, 104 S.Ct. 2052. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." Id., at 689, 104 S.Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052.

*Harrington v. Richter,* 562 U.S. 86, 104-105, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011).

*Judicial release.*

{¶28} The record reflects that defense counsel was informed at sidebar that the trial court would not grant judicial release. Defense counsel asked for time to speak to his client. The trial court granted him an opportunity to confer with Hentrich. Thereafter the trial court informed Hentrich that the trial court was not bound to accept or follow the negotiated plea agreement.

{¶29} In the case at bar, the trial judge gave Hentrich several opportunities to ask questions or bring any concerns to his attention. She did not. Hentrich did not file a

motion in the trial court seeking to withdraw her negotiated guilty plea. We find Hentrich's suggestion that she did not understand that judicial release would not be granted to not be supported by the trial court record.

*Discussions not contained in the trial court record.*

{¶30} As we have discussed in our disposition of Hentrich's First Assignment of Error, Hentrich's arguments concerning her trial attorney contain no citation to the trial court record.

{¶31} Because Hentrich fails to properly reference portions of the record supporting her claim that she was pressured or promised something by her trial attorney Hentrich cannot demonstrate the claimed error. *See Daniels v. Santic*, 11th Dist. Geauga No. 2004-G-2570, 2005-Ohio-1101, ¶ 13-15. *See, also,* App.R. 12(A)(2) and 16(A)(7); *Graham v. City of Findlay Police Dept.* 3rd Dist. Hancock No. 5–01–32, 2002–Ohio–1215 (stating, "[t]his court is not obliged to search the record for some evidence of claimed error. * * * Rather, an appellant must tell the appellate court specifically where the trial court's alleged errors may be located in the transcript"); *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006-Ohio-903, ¶ 13; *State ex rel. Petro v. Gold,* 166 Ohio App.3d 371, 2006-Ohio-943(10th Dist.), ¶ 94*, appeal not allowed*, 110 Ohio St.3d 1439, 2006-Ohio-3862, *reconsideration denied,* 111 Ohio St.3d 1418, 2006- Ohio-5083; *Porter v. Keefe,* 6th Dist. Erie No. E-02-018, 2003-Ohio-7267, ¶109-113.

*Trial counsel's failure to object to the trial court's failure to go over the indictment or read the facts before entering her plea.*

{¶32} As we discussed in our disposition of Hentrich's First Assignment of Error,

we reviewed the transcript of the hearing at which the trial court conducted the plea colloquy required by Crim.R. 11 and determined that the court substantially complied with Crim.R. 11(C)(2)(a) and (b) and strictly complied with Crim.R. 11(C)(2)(c). The record supports that an extensive colloquy occurred, and that the trial court accepted Hentrich's plea and properly proceeded to sentencing. Crim.R. 11 does not require the trial court to establish a factual basis for the plea before its acceptance.

{¶33} Accordingly, Hentrich has failed in her burden to demonstrate that the proceedings were unreliable or that there was a fundamentally unfair outcome of the proceeding

{¶34} Hentrich's Second Assignment of Error is overruled.

{¶35} For the forgoing reasons, the judgment of the Fairfield County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J., concur