[Cite as *State v. Tetak*, 2020-Ohio-3263.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2019-0052 |
| JOSEPH TETAK | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:    Criminal appeal from the MuskingumCounty Court of Common Pleas, Case No. CR2018-0353

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    June 8, 2020

APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
Prosecuting Attorney
BY: TAYLOR P. BENNINGTON
Assistant Prosecutor
27 North Fifth Street
Box 189
Zanesville, OH 43702-0189

For Defendant-Appellant

JAMES ANZELMO
446 Howland Drive
Gahanna, OH 43230

*Gwin, P.J.*

{¶1}   Defendant-appellant Joseph Tetak ["Tetak"] appeals his sentence after a negotiated guilty plea in the Muskingum County Court of Common Pleas.

*Facts and Procedural History*

{¶2}   Between the dates of May 27, 2018 and May 30, 2018, A.R. was held captive, against her will by Tetak. During this time, Tetak assaulted her on several occasions. He physically caused bruising and lacerations to her face, bit her ear, caused bruising to her throat, lips, lacerations to her mouth, injuries to her shoulder, hands, legs, arms, and buttocks. Tetak also sexually assaulted A.R. by forcing vaginal intercourse with her against her will. During these events, Tetak was in possession of a firearm. There were other individuals present who confirmed various parts of A.R.'s story.[1]  PT. at 11-12.

{¶3}   On June 6, 2018, Tetak was indicted as follows,

Count 1:  Assault, a misdemeanor of the first degree, in violation of R.C. 2903.13(A);

Count 2:  Felonious Assault, a felony of the second degree, in violation of RC. 2903.11(A)(1);

Count 3:  Kidnapping, with a firearm specification, a felony of the first degree, in violation of R.C. 2905.01(A)(3);

Count 4:  Felonious Assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1);

---

[1] For clarity, the transcript of the Plea hearing that took place on August 10, 2018 will be referred to as "PT." and the transcript of the Sentencing hearing that took place on October 17, 2018 will be referred to as "ST."

Count 5: Rape, a felony of the first degree, with a firearm specification, in violation of R.C. 2905.01(A)(2); and

Count 6: Kidnapping, with a firearm specification, a felony of the first degree, in violation of R.C. 2905.01(A)(2).

{¶4} On August 10, 2018, Tetak entered a negotiated guilty plea as follows,

Count 1: Assault, a misdemeanor of the first degree, in violation of R.C. 2903.13(A);

Count 2: Aggravated Assault, a felony of the fourth degree, in violation of R.C. 2903.12(A)(1);

Count 4: Kidnapping with a firearm specification, a felony of the first degree, in violation of R.C. 2905.01(A)(3); and

Count 5: Sexual Battery, a felony of the third degree, with a firearm specification, in violation of R.C. 2907.03(A)(1).

{¶5} In exchange for the plea, the state dismissed Count 4 and Count 6 of the Indictment. PT. at 9. Further, an amendment was made to the firearm specification to make it a one year firearm specification. ST. at 9.

{¶6} Sentencing was deferred and a pre-sentence investigation report was ordered to be prepared. On October 17, 2018, Tetak was sentenced as follows:

Count 1: 6 months of local incarceration on the misdemeanor Assault;

Count 2: 18 months prison time on the Aggravated Assault;

Count 3: 9 years prison time on the Kidnapping with a mandatory one-year on the firearm specification; and

Count 5:  60 months in prison on the Sexual Battery charge.

{¶7}   The court ordered the periods of incarceration for Counts 1 and 2 to be served concurrently with each other and concurrently with all other counts; the periods of incarceration imposed for Counts 3 and 5 were ordered to be served consecutively, with the firearm specification contained in Count 3, by law, being mandatory consecutive, for an aggregate sentence of 15 years in prison, with 1 year mandatory.

*Assignments of Error*

{¶8}   Tetak raises two Assignments of Error,

{¶9}   "I. THE TRIAL COURT UNLAWFULLY ORDERED JOSEPH TETAK TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶10}  "II. JOSEPH TETAK RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

I.

{¶11} In his First Assignment of Error, Tetak challenges the imposition of consecutive terms of imprisonment on the ground that the record does not support the imposition of consecutive sentences.

1.  Standard of Appellate Review.

{¶12} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22*; State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31

{¶13} In *State v. Gwynne,* a plurality of the Supreme Court of Ohio held that an appellate court may only review individual felony sentences under R.C. 2929.11 and R.C. 2929.12, while R.C. 2953.08(G)(2) is the exclusive means of appellate review of consecutive felony sentences. ___ Ohio St.3d ___, 2019-Ohio-4761, ¶16-18; *State v. Anthony,* 11th Dist. Lake No. 2019-L-045, 2019-Ohio-5410, ¶60.

{¶14} R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶ 28; *State v. Gwynne,* ¶16.

{¶15} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. *See* also, *In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477 120 N.E.2d 118.

{¶16} In the case at bar, Tetak does not contest the length of his sentences; rather his arguments center upon the trial court's decision to make the sentences consecutive. As the Ohio Supreme Court noted in *Gwynne*,

> Because R.C. 2953.08(G)(2)(a) specifically mentions a sentencing judge's findings made under R.C. 2929.14(C)(4) as falling within a court of appeals' review, the General Assembly plainly intended R.C. 2953.08(G)(2)(a) to be the exclusive means of appellate review of consecutive sentences. *See State v. Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, 28 N.E.3d 1267, ¶ 7 ("We primarily seek to determine legislative intent from the plain language of a statute").
>
> While R.C. 2953.08(G)(2)(a) clearly applies to consecutive-sentencing review, R.C. 2929.11 and 2929.12 both clearly apply only to *individual* sentences.

2019-Ohio-4761, ¶¶16-17(emphasis in original).

{¶17} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37. Otherwise, the imposition of consecutive sentences is contrary to law. *See* Id. The trial court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." Id.

{¶18} Tetak agrees that the trial judge in his case made the requisite findings to impose consecutive sentences under R.C. 2929.14(C)(4). [Appellant's Brief at 4].

1.1.1 Issue for Appeal.

1.1.2 *Whether the trial court's decision to impose consecutive sentences in Tetak's case is supported by the record.*

{¶19}   According to the Ohio Supreme Court, "the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences."  *Bonnell*, ¶28.  "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld."  Id. at ¶29.

{¶20}  The plurality of the Ohio Supreme Court in *Gwynne* held that appellate courts may not review consecutive sentences for compliance with R.C. 2929.11 and R.C. 2929.12.  *See* 2019-Ohio- 4761, ¶18.

{¶21}  In the case at bar, the trial court had the benefit of a Pre-Sentence Investigation Report. ST. at 5.  That report contains photographs of the victim's injuries "as she lie in the hospital after this ongoing days-long assault."   ST. at 5. The trial court found,

> The description of what Mr. Tetak did to his victim in this case is pretty outrageous, an ongoing series of beatings. The inside of his trailer, there is blood on the ground from the beatings and the sexual assaults that he was committing. He changed the locks to lock the victim into the trailer. She had to break loose and flee to a neighbor's house.
>
> Just an absolutely unspeakable savage assault.

ST. at 5. Teak physically caused bruising and lacerations to the victim's face, bit her ear, caused bruising to her throat, lips, lacerations to her mouth, injuries to her shoulder, hands, legs, arms, and buttocks. Tetak also sexually assaulted the victim by forcing vaginal intercourse with her against her will. PT. at 11-12.

{¶22} The record demonstrates and Tetak agrees that the trial court made the findings required in order to impose consecutive sentences. Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Further, the record contains evidence supporting the trial court's findings under R.C. 2929.14(C)(4). Therefore, we have no basis for concluding that it is contrary to law.

{¶23} Tetak's First Assignment of Error is overruled.

II.

{¶24} In his Second Assignment of Error, Tetak complains of ineffective assistance of counsel for failing to object to the imposition of costs.

2. Standard of Appellate Review.

{¶25} A trial court has discretion to waive the payment of court costs if the defendant is indigent. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14. Therefore, we review the trial court's decision concerning waiving the court costs for an abuse of discretion.

{¶26} An abuse of discretion can be found where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick*, 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; *In re Guardianship*

*of S .H.,* 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No.2006–CA–41, 2006–Ohio–5823, ¶54.

2.1 Issue for Appeal.

2.1.1 *Whether there is a reasonable probability that had trial counsel filed a motion to waive court costs the trial court would have granted the motion.*

{¶27}  In *State v. Davis*, the Ohio Supreme Court noted,

> R.C. 2947.23(A)(1)(a) requires a trial court to impose the costs of prosecution against all convicted criminal defendants.  *White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, at ¶ 14. While the imposition of those costs is mandatory, the court may waive the payment of all costs when the defendant is determined to be indigent. Id.; see also R.C. 2743.70, 2949.091, and 2949.092.

Oh. Sup. Ct. No. 2018-0312, 2020-Ohio-309(Feb 4, 2020), ¶13. The Court further held,

> Furthermore, a determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel moved the court to do so, contrary to the Eighth District's holding in *Gibson,* 2017-Ohio-102, 2017 WL 123309, and in  *Springer,* 2017-Ohio-8861, 2017 WL 6055504. *See State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 233; *State v. Smith*, 12th Dist. Warren No. CA2010-06-057, 2011-Ohio-1188, 2011 WL 882182, ¶ 63-64, *rev'd in part on other grounds*, 131 Ohio St.3d 297, 2012-Ohio-781, 964 N.E.2d 423 (an indigent defendant fails to show that there is a reasonable probability that the trial court would have waived costs when the trial court

made a finding that the defendant had the ability to work and therefore had the ability to pay the costs in the future). *The court of appeals, instead, must look at all the circumstances that the defendant sets forth in attempting to demonstrate prejudice and determine whether there is a reasonable probability that the trial court would have granted a motion to waive costs had one been made.*

Oh. Sup. Ct. No. 2018-0312, 2020-Ohio-309(Feb 4, 2020), ¶15 (emphasis added).

**{¶28}** The Supreme Court of Ohio has held that R.C. 2947.23 requires a court to assess costs against all convicted defendants, including indigent defendants. *State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989, ¶8; *State v. Hayes*, 11th Dist. Ashtabula No. 2004-A-0024, 2005-Ohio-2881, ¶8. Therefore, a defendant's financial status is irrelevant to the imposition of court costs. *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, ¶3.

**{¶29}** Tetak relies on the trial court's findings that he was indigent for appointment of trial and appellant counsel to support his argument that there was a reasonable probability that the trial court would have waived costs. However, that argument was rejected in *Davis*. Oh. Sup. Ct. No. 2018-0312, 2020-Ohio-309(Feb 4, 2020), ¶15.

**{¶30}** Tetak has not shown within the trial court record any further facts or circumstances to support a finding that there was a reasonable probability that trial court would have granted a request to waive court costs. We have reviewed the record before us and found nothing that would support the conclusion that there was a reasonable probability that the outcome would have changed had a motion been filed. We note that in *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme

Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. *See, State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty*, 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), *citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. *See, North v. Beightler*, 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, *quoting Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16.

{¶31} In addition, we note the General Assembly amended R.C. 2947.23 by adding the following provision, "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." In *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, the Ohio Supreme Court noted that in light of this new provision, a case does not need to be remanded to the trial court in order for the defendant to obtain an order waiving, suspending, or modifying costs. Id. at ¶ 264 –265. *See also, State v. Braden*, Ohio Sup. Ct. Nos. 2017-1579 and 2017-1609, 2019-Ohio-4202(Oct. 16, 2019). Accordingly, in the case at bar, any further dispute as to costs or Tetak's ability to pay them can be handled in the manner authorized under R.C. 2947.23.

{¶32} Therefore, we are compelled to conclude that Tetak has failed to demonstrate a reasonable probability that the outcome would have changed and that,

therefore, he did not suffer prejudice as a result of counsel not filing a motion to wave costs. *State v. Dean,* 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 233.

{¶33} Tetak's Second Assignment of Error is overruled.

{¶34} The judgment of the Muskingum County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Delaney. J., and

Wise, Earle, J., concur